

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

ELIZABETH THOMPSON,

    PLAINTIFF,

vs.                                   CASE NO. CV 02-J-2603-J

GENERAL MOTORS CORPORATION,

    DEFENDANT.

## MEMORANDUM OPINION

This action is before the court *sua sponte* for lack of subject matter jurisdiction. The defendant removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332. Notice of Removal, ¶ 6. The plaintiff's complaint asserts that the 1997 Cadillac Catera she purchased in April, 2000 was defective, that defendant knew it was defective, and, in spite of this knowledge, continued to manufacture and sell this vehicle. Complaint, ¶¶ 8-9.

The plaintiff sues for declaratory judgment, injunctive relief, and under the Alabama Deceptive Trade Practices Act. Count One contains no claim for monetary damages. Count Two states that the plaintiff seeks "against these Defendants (sic) such amounts for compensatory and punitive damages as may be allowed by law, all relief not to exceed the total sum of $74,000.00." Count Three states that the plaintiff

3

"prays judgment against these Defendants (sic) in such amounts for compensatory and punitive damages as may be allowed by law, not to exceed $74,000."

Because this case was removed to federal court by defendant, the defendant bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buys,* 269 F.3d 1316, 1319 (11th Cir.2001). Remand is appropriate where "the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount...'" *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002).

In *Smith v. GTE Corporation,* 236 F.3d 1292, 1299 (11th Cir.2001), where neither party challenged federal court jurisdiction, the court still held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id.* at 1299; citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation ... to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises").

This court notes from the face of the complaint that the plaintiff does not seek more than $75,000.00. Defendant, on the theory that the separate claims for $74,000.00 in Counts II and III can be aggregated, argues that the plaintiff seeks in

2

excess of this court's jurisdictional minimum. Notice of Removal, ¶¶ 9, 10. The defendant bases this argument on the general theory that the plaintiff's claims may be aggregated to reach the jurisdictional limit. While the court recognizes this as a correct principle of law, the court finds it unpersuasive here, where the plaintiff states she seeks "the total sum of $74,000."

The court finds the injunctive relief sought by plaintiff in Count II, that defendant cease manufacturing the Cadillac Catera, has no value to the plaintiff by its very nature. Such an injunction is of no benefit to the plaintiff as she already owns the car which she claims is defective. Furthermore, the court notes the plaintiff seeks "compensatory and punitive damages ... not to exceed the total sum of $74,000." Clearly, plaintiff cannot seek this as relief for Count II, as if she was entitled to compensatory or punitive damages, which are remedies at law, she could not seek injunctive relief.

"For amount in controversy purposes, the value of injunctive relief ... is 'the value of the object of the litigation' measured from the plaintiff's perspective." *Morrison v. Allstate Indemnity Company*, 228 F.3d 1255, 1268 (11th Cir.2000); citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997). A defendant "who bases diversity jurisdiction on the value of the injunctive relief must show that the benefit to be

3

obtained from the injunction is 'sufficiently measurable and certain to satisfy the ... amount in controversy requirement.'" *Morrison,* 228 F.3d at 1269, citing *Ericsson,* 120 F.3d at 221.

Here, the defendant merely argues that such a claim should be aggregated with the relief sought in Count III. This is insufficient to establish that the injunctive relief sought by the plaintiff has any value. The court notes that *Burns v. Windsor* essentially is dispositive of this removal. In that case, the Eleventh Circuit stated:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987) .... *see generally,* Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy") (other citations omitted). Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. *See Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3rd Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991) (other citation omitted).
>
> Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests $45,000 in damages. Therefore, no jurisdiction exist on the face of plaintiff's claim. So, the critical question

is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum?

We believe the defendant's burden of proof must be a heavy one ....

That is, defendant must prove to a legal certainty that plaintiff's claim must exceed $50,000. This strict standard is consistent with case law and congress' policy of limiting federal diversity jurisdiction ....

*Burns v. Windsor*, 31 F.3d 1092, 1095-96 (11th Cir.1994).

The court finds the only count in her complaint that actually has a monetary value is Count III. Plaintiff seeks not more than $74,000.00 for her Count III claim. In consideration of the foregoing, this court finds no basis for jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is less than $75,000.00.

In consideration of the foregoing, it is **ORDERED** by the court that this case be and hereby is **REMANDED** to the Circuit Court of Walker County, Alabama, from whence it was improvidently removed.

**DONE** this the __28__ day of October, 2002.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

5